## Moses Sheppard *vs.* Richard P. Spates, Sr.

A promissory note dated the 17th of October 1849, and payable "twelve months after date," falls due on the 20th of October 1850, and that day being Sunday the demand was properly made on the preceding Saturday.

Appeal from the Circuit Court for Montgomery county.

This was an action of *assumpsit,* by the holder against the endorser of a promissory note, dated 17th of October 1849, payable "twelve months after date."

*Exception.* The plaintiff proved the making and endorsement of the note, and then offered the protest of the notary, by which it appeared that payment was demanded of the maker, and notice sent to the endorser on the 19th of October 1850; and then proved that said 19th of October was Saturday, and that the 20th of the same month was Sunday, and there rested his case. The court, (Brewer, J.,) upon the prayer of defendant instructed the jury, that payment should have been demanded on the 21st of October 1850, instead of the 19th, and that for want of a legal demand upon the maker

the plaintiff was not entitled to recover. The plaintiff ex-
cepted and appealed.

The cause was argued before Le Grand, C. J., Eccle-
ston and Tuck, J.

*J. V. L. McMahon* for the appellant, argued that the note
fell due, with the allowance of the days of grace, and was de-
mandable, on the 20th of October 1850, and that day being
Sunday the demand was properly made on the preceding day,
and cited 6 *G. & J.*, 274, *Kilgour vs. Miles;* 6 *H. & J.*, 149,
*Jackson vs. Union Bank;* 4 *H. & J.*, 536, *Beck vs. Thompson;*
7 *G. & J.*, 88; 4 *H. & McH.*, 95; 2 *Vermont*, 129, *Ripley vs.*
*Greenleaf;* 3 *Wendell*, 171; 17 *Mass.*, 94, *Hartford Bank vs.*
*Barry;* 7 *Howard Miss. Rep.*, 129; 3 *G. & J.*, 481; *Story*
*on Prom. Notes, sec.* 213; *Story on Bills, secs.* 330, 335, *and*
*note* 1, *(2nd Ed.;)* 3 *Kent's Com.*, 103, and *Chitty on Bills,*
406, 411.

*Richard J. Bowie* for the appellee.

All the authorities concur that if a note or bill is payable
ten days *after date or sight* without grace, and is dated the
1st of January, it is not due until the 11th. *Story on Prom.*
*Notes, sec.* 211. It is also admitted that the days of grace
are calculated *exclusively* of the day when the note falls due.
*Story on Prom. Notes, sec.* 217. 12 *Wheat.*, 213, *Ogden vs.*
*Saunders.* This is a question of contract, not custom. The
language is clear and unequivocal, that twelve months shall
be complete and ended *after* the date before the debt is paya-
ble, and the supreme court have declared the debtor is entitled
to the *last* hour of the day to comply with it. If you gratify
the terms of the contract, the time stipulated in the note did
not expire until the 18th of October 1850. The days of grace
would then commence on the 19th and end on the 21st.

Eccleston, J., delivered the opinion of this court.

The note on which this suit was instituted is dated 17th of

10th month, (October,) 1849, and payable twelve months after date.

The appellant contends, that allowing for the days of grace, the note fell due on the 20th of October 1850, but as that was Sunday, the demand was properly made on the 19th.

In 4 *H. & J.*, 531, the note bore date the 14th of March 1810, and was payable twenty-one months after date. Payment was demanded on the 14th of December 1811. Judge Martin held the first count in the nar to be erroneous, because it stated the demand to have been made the "14th day of December 1811, three days before the note became due, according to the established rules of law." Judge Dorsey said: "The note stated in the record was not payable before the 17th of December 1811; until that time no demand of payment could be made."

In 6 *H. & J.*, 146, the note was drawn on the 2nd of November 1810, payable six months after date. There it seems to have been assumed, by the counsel and court, that in this State the third day of grace was the 5th of May 1811, and according to the usage of allowing four instead of three days in the District of Columbia, the 6th of May was the proper day to demand payment in the latter place.

At page 481 of 3 *G. & J.*, the court say: "The note became due on the 6th February 1826." There the date of the note was the 3rd of March 1825, and was payable at eleven months. In *Story on Prom. Notes, sec.* 213, it is stated, that a note dated the 1st of January and payable six months after date, without grace, will be payable on the 1st day of July. And in section 217 it is said, if a note is drawn in America or England on the 1st day of January, payable one month after date, the three days of grace will begin on the 2nd day of February and end on the 4th. The same rules are recognised in *Story on Bills, secs.* 330, 335, *and note* 1, *(2nd Ed.)* See also 7 *Howard's Miss. Rep.*, 129.

That payment may be demanded on the third day of grace, is fully established by the case of *Farmers Bank of Maryland vs. Duvall*, 7 *G. & J.*, 88. And it is a settled principle of

commercial law, that when the third day of grace falls on Sunday, payment of the note should be demanded the preceding day. 3 *Kent's Com.*, 103. 6 *G. & J.*, 274, *Kilgour vs. Miles*, and *note* 1 *to sec.* 335 of *Story on Bills*.

The proof shows that the 20th of October 1850, was Sunday, and the demand was made on the 19th. This being a compliance with the requirements of the law, we think the court below erred in saying to the jury payment should have been demanded on the 21st of October instead of the 19th, and that for want of a legal demand the plaintiff could not recover.

*Judgment reversed and procedendo awarded.*